UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-03624-JMS-TAB |
| | ) |
| CONNIE LAWSON Secretary of State of Indiana | ) |
| & Democratic Party of Indiana, | ) |
| | ) |
| Defendant. | ) |

**Entry Granting *In Forma Pauperis* Status, Dismissing Action,
And Directing Entry of Final Judgment**

**I. *In Forma Pauperis***

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted.** Notwithstanding this ruling, the plaintiff still owes the $350.00 filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening of Complaint**

Plaintiff Ronald Satish Emrit brings this action against Connie Lawson, the Secretary of State of Indiana, and the Democratic Party of Indiana. He alleges that his constitutional rights were denied when the defendants refused to place him on the ballot for the primary and general presidential election in 2016. He alleges that the claim is not moot because he has decided to run again for President of the United States in 2020 as a Democratic candidate. He brings an equal protection and substantive due process claim under the Fifth and Fourteenth Amendments, and alleges that the defendants violated the Privileges and Immunities Clause inherent from Article

IV, Section 2, Clause I, of the United States Constitution (Comity Clause). He also alleges state law claims of negligence and breach of contract.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915(e)(2)(B). This statute directs the Court to dismiss a complaint or claim within a complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Emrit alleges that he is an indigent, disabled, over 35 years of age, African-American resident of Nevada (although his current mailing address is in Florida). He brings this action under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA"). Dkt. 1, p. 15. He also alleges diversity jurisdiction under 28 U.S.C. § 1332.

Mr. Emrit alleges that he "was told by several secretaries of state that in order to get placed on the ballot in the primary or general election, he would have had to get a minimum number of petitions signed from the constituents of each jurisdiction in which he wanted to run for president in the general election (as an independent candidate)." Dkt. 1, p. 4, ¶ 18. He allegedly obtained a candidate ID number and registered with the Federal Election Commission. He was represented by a Political Acton Committee but not by any "Super PAC." He received no donations from any person or entity. He seeks 45 million dollars in compensatory and punitive damages and injunctive relief in the form of ordering the defendants to place him on the ballot for the primary and general election in Indiana in 2020.

The claim for damages against Connie Lawson in her official capacity as Secretary of State of Indiana is **dismissed for failure to state a claim upon which relief can be granted** because official capacity claims against state employees "are treated as suits against the states

themselves," *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011), and such claims for money damages are barred by the Eleventh Amendment. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011).

Indiana law, Ind. Code § 3-8-3-1, requires a candidate of a major political party for nomination for the office of President of the United States to file a declaration of candidacy with the election division or secretary of state, along with a petition signed by at least 4,500 voters of the state, meeting certain specifications. Ind. Code § 3-8-3-2. Every state has these types of ballot access laws.

Mr. Emrit alleges that there is no compelling government objective in requiring him to obtain a minimum number of signatures to be placed on the ballot for this state and that, therefore, his equal protection rights have been violated by that requirement. Mr. Emrit's claim in this regard fails. Mr. Emrit does *not* challenge the number of petitions or any other specific requirement other than he apparently disagrees with having to submit any petitions because he believes there is no good reason for the requirement. To the contrary, "the Constitution … confers upon the states broad authority to regulate the conduct of elections." *Tripp v. Scholz,* No. 16-3469, 2017 WL 4456913, *4 (7th Cir. Oct. 6, 2017) (internal quotation omitted). "It is well-settled that [t]he impact of candidate eligibility requirements on voters implicates basic constitutional rights to associate politically with like-minded voters and to cast a meaningful vote." *Id.* (internal quotation omitted). "Such rights, however, are not absolute." *Id.* (internal quotation omitted). "The Supreme Court has further opined that, in addition to constitutional law, '[c]ommon sense…compels the conclusion that government must play an active role in structuring elections.'" *Id.* (quoting *Burdick v. Takushi,* 504 U.S. 428, 433 (1992)). "'[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and

honest and if some sort of order, rather than chaos, is to accompany the democratic processes.'" *Id.* (quoting *Storer v. Brown,* 415 U.S. 724, 730 (1974)).

"'[N]ot all restrictions … on candidates' eligibility for the ballot impose constitutionally-suspect burdens." *Id.* (quoting *Anderson v. Celebrezze,* 460 U.S. 780, 788 (1983)). "'[T]he mere fact that a State's system 'creates barriers … tending to limit the field of candidates from which voters might choose…does not of itself compel close scrutiny.'" *Id.* (quoting *Burdick,* 504 U.S. at 433). "There is no litmus test for measuring the severity of a burden that a state law imposes." *Id.* (internal quotation omitted). Any burden "must be justified by relevant and legitimate state interests sufficiently weighty to justify the limitation." *Id.* (internal quotation omitted).

Mr. Emrit's allegation that there is no compelling governmental justification for the requirement that prospective candidates must file a certain number of petitions signed by voters of the state along with a declaration of candidacy is frivolous. As noted by the Supreme Court, it is not only constitutional but it makes common sense that the government must put in place a structure for elections. The Supreme Court has upheld challenges to signature requirements, even those equaling 5% of the eligible voting base. *See Am. Party of Tex. v. White,* 415 U.S. 767, 789 (1974) ("Demanding signatures equal in number of 3% or 5% of the vote in the last election is not invalid on its face…"); *Jennness v. Fortson,* 403 U.S. 431, 438 (1971) ("[W]e cannot say that Georgia's 5% petition requirement violates the Constitution."). Mr. Emrit's constitutional claims are **dismissed for failure to state a claim upon which relief can be granted.**

Mr. Emrit's Title VII claim, as described on page 11 of his complaint, invokes anti-discrimination provisions based on employment. Mr. Emrit is not employed by anyone, much less by the State of Indiana. This claim is **dismissed as patently frivolous**.

Mr. Emrit further alleges that he has bipolar, schizoaffective, obsessive compulsive, and post-traumatic stress disorders and that by excluding him from the 2016 (and perhaps 2020) elections, the defendants have violated his rights under the ADA. This claim is **dismissed as patently frivolous** because the ADA has no provisions which bar the application of election requirements on disabled individuals.

The defendants breached no duty in relation to Mr. Emrit. Rather, to the extent they took any action against or in relation to him, which is *not* even alleged in this complaint, they were upholding the law and imposing the same requirements that apply to all prospective candidates for elected office. Absent a duty, there can be no breach and no negligence. *See Walters v. JS Aviation, Inc.,* 81 N.E.3d 1160, 1163 (Ind. Ct. App. 2017) (the elements of a negligence claim include a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by the breach). Therefore, the negligence claim is **dismissed for failure to state a claim upon which relief can be granted.**

Similarly, there was no contract between the parties. Any breach of contract claim is **dismissed as frivolous.**

For the above reasons, Mr. Emrit's claims for injunctive relief, ordering the defendants to place him on the ballot for the 2020 election without obtaining and timely filing the required signatures, is **dismissed for failure to state a claim upon which relief can be granted.**

### III. Conclusion

This action is patently frivolous and therefore subject to dismissal under 28 U.S.C. § 1915(e)(2). See *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

The Court takes judicial notice that Mr. Emrit has a long history of filing *pro se* frivolous litigation in other districts and has been barred from filing in several of them. *See e.g., Emrit v. Marion County Housing Authority*, 3:16-cv-1854-BR, 2017 WL 743882, *4 (D. Ore. Feb. 23, 2017) ("Plaintiff has filed complaints in numerous other districts in which he brings claims that are nearly identical to those in the Complaint that Plaintiff filed in this Court."); *Emrit v. Continuum Legal,* 1:16-cv-1424-JCC-MSN, 2017 WL 2622368, *2 (E.D.Va. Jan. 31, 2017) ("Plaintiff is a serial *pro se* litigant who is subject to pre-filing injunctions in at least two courts."); *Emrit v. Sec. of State,* 16-610, 2017 WL 3209449 (D.R.I. Jan. 9, 2017) (noting that plaintiff has been declared a "vexatious filer" in the District of Nevada and enjoined from further filings without leave of that court). The Court also notes that Mr. Emrit has filed the same claims as the ones brought here in various districts against Secretaries of States and Democratic state parties. While this is the first action filed by Mr. Emrit in this district, the Court will not hesitate to impose a filing bar sanction if he proceeds to file any additional frivolous cases in this Court.

While under most circumstances, the Court would allow a *pro se* plaintiff an opportunity to attempt to cure deficiencies in the complaint before dismissing the action, *see Luavano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013), this case filed by this plaintiff is an exception to that rule. His 18 page complaint is thorough and nothing he could allege in support of his election ballot claims would change the outcome.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/19/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD SATISH EMRIT
6655 38th Lane East
Sarasota, FL 34243